# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

KEVIN D. HILL,

    Petitioner,

v.                                                                                                                                     Civil Action No. 3:09cv659

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Kevin D. Hill, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] (Docket No. 5.) Hill challenges his conviction for rape. Respondent filed a Motion to Dismiss (Docket No. 15) and Rule 5 Answer (Docket No. 16), providing Hill with appropriate *Roseboro*[2] notice (Docket No. 18). Respondent contends that the statute of limitations bars this action.[3] Hill has failed to file a response to the motion. The matter is ripe for adjudication. Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss. (Docket No. 15.)

---

    [1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

    [2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

    [3] Respondent further contends that, even if review on the merits were appropriate, the Court must find Hill's claims procedurally defaulted. Because the Court will decide the matter on another ground, the Court need not reach this argument.

# I. Factual and Procedural History

## A. State Proceedings

On July 18, 2005, after a bench trial, the Circuit Court of Sussex County ("Circuit Court") found Hill guilty of rape, sexual intercourse with a minor under the age of thirteen, in violation of Va. Code § 18.2-61(A)(iii). On September 21, 2005, the Circuit Court sentenced Hill to fifteen years of incarceration with seven years suspended.

Hill filed a timely appeal before the Court of Appeals of Virginia ("Court of Appeals"), arguing that the Circuit Court erred in ignoring Hill's alibi evidence and finding that the Commonwealth of Virginia had proven Hill's guilt beyond a reasonable doubt. On April 13, 2006, the Court of Appeals denied the appeal, finding no error with the Circuit Court's judgment. In making this determination, the Court of Appeals stated:

> [T]he evidence proved [Hill] dated S.S.'s [the victim's] mother. S.S. testified that on three separate occasions between April and December 2004, [Hill] had sexual intercourse with her. S.S. was eleven years old at the time of the first two incidents and was twelve at the time of the third. S.S. described each encounter in detail, explaining that [Hill] inserted his penis into her vagina each time.
> Forensic scientist Melissa Baisden testified she analyzed the mattress cover from S.S.'s bed. Spermatozoa was identified in several stains on the cover. DNA testing was unable to eliminate [Hill] and S.S. as contributors, but was able to eliminate S.S.'s mother as a contributor to the stains.
> The trial court believed the Commonwealth's witnesses and rejected [Hill]'s testimony and alibi evidence. . . . S.S.'s testimony was corroborated in part by scientific evidence. We find no error with the trial court's credibility determination. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Hill] was guilty of rape.

(Resp't's Br. Supp. Rule 5 Answer & Mot. Dismiss ("Resp't's Br.") Ex. 1, *Hill v. Commonwealth*, No. 2489-05-2, at 1-2 (Va. Ct. App. Apr. 13, 2006).)

2

Hill then filed an appeal before the Supreme Court of Virginia, again arguing that the Circuit Court erred in ignoring Hill's alibi evidence and finding that the Commonwealth of Virginia had proven Hill's guilt beyond a reasonable doubt. On July 25, 2006, the Supreme Court of Virginia refused Hill's petition for appeal. (Resp't's Br. Ex. 2, *Hill v. Commonwealth*, No. 060822 (Va. July 25, 2006).) Hill did not file a petition for a writ of habeas corpus in the Virginia courts.

### B. Federal Proceedings

On October 8, 2009, Hill filed a Petition for a Writ of Actual Innocence Based on Nonbiological Evidence ("Petition for a Writ of Actual Innocence") in the United States District Court, Eastern District of Virginia.[4] (Docket No. 1.) Given the contents of the Petition for a Writ of Actual Innocence, the Court gave Hill an opportunity to pursue this action as a writ of habeas corpus instead. (Docket No. 2.)

On January 1, 2010, Hill filed this federal petition for a writ of habeas corpus.[5] Hill suggests that his trial counsel was ineffective due to his failure to present into evidence lab results from the victim's evaluation at MCV/VCU hospital on January 14, 2005. Hill contends that the lab results would have proven his innocence by demonstrating the following:

---

[4] The Court considers a prisoner's petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Hill did not submit an affidavit verifying the date on which he delivered the Petition for a Writ of Actual Innocence to prison authorities for mailing to the Court. While the Petition is dated June 17, 2009, the Certificate of Mailing indicates that the Petition for a Writ of Actual Innocence was mailed on October 8, 2009. The record indicates that the Court received the petition on October 13, 2009.

[5] Hill declared that he placed his Petition in the prison mailing system on January 1, 2010.

1. The victim's trial testimony was not consistent with prior statements made to police and her mother.

2. The victim fabricated a rape allegation as a result of rumors of her pregnancy.

3. The victim initially denied having sexual relations with Hill.

4. The victim had a motive to fabricate a rape allegation against Hill.

5. No ejaculate was recovered from the victim.

6. Other individuals were suspected of the offense.

(Pet. Attach. Sheet 1.) On May 18, 2010, Respondent moved to dismiss on the grounds that, *inter alia*, the ineffective assistance of counsel claim was barred by the statute of limitations.

## II. Analysis of the Motion to Dismiss

### A. Statute of Limitations

Federal law imposes a one-year limitations period on state prisoners seeking to file a petition for a writ of habeas corpus. Specifically, 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Supreme Court of Virginia refused Hill's petition for appeal on July 25, 2006. Under 28 U.S.C. § 2244(d)(1)(A), Hill's conviction became final on Monday, October 23, 2006 because he did not file a petition for a writ of certiorari with the Supreme Court of the United States. *See* Sup. Ct. R. 13.1;[6] *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (*citing Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)). Therefore, Hill had one year, or until Tuesday, October 23, 2007, to file any federal habeas challenge to his conviction or sentence. 28 U.S.C. § 2244(d)(1)(A).

Hill filed his federal habeas petition January 1, 2010, well after the October 23, 2007 expiration of the one-year statutory period of limitation. Even assuming, without deciding, that Hill's Petition for Writ of Actual Innocence could constitute a filing that sought relief on "'the merits of [a would-be petitioner]'s claims before the District Court for a decision,'" this October 8, 2009 filing is still well after the statute of limitation expiration. *See Ramirez v. Yates*, 571

---

[6] That rule provides, in pertinent part:

> Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

Sup. Ct. R. 13.1.

5

F.3d 993, 997 n.3 (9th Cir. 2009) (*quoting Woodford v. Garceau*, 538 U.S. 202, 210 n.1 (2003)) (alternation in original). Hill is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he failed to file any state habeas petitions.

### B.     Hill is Not Entitled to Belated Commencement of the Limitations Period

The Court must next consider whether Hill is entitled to belated commencement of the limitations period. In addition to the date on which a judgment becomes final, federal law provides that the statute of limitations may commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). This belated commencement provision protects petitioners when their claims could not have been brought earlier. Hill fails to demonstrate entitlement to belated commencement of the statute of limitations for his claims.

The factual predicate of Hill's claim rests on the January 14, 2005 lab report. The record suggests that Hill knew about the lab report before his conviction became final, which means that Hill likely is not entitled to belated commencement. Hill admits in his submissions that "the information contained in this application, [was] available at the time of trial, however, Counsel of record never introduced this evidence in favor of the defense." (Pet. Attach. Sheet 1 (alteration in original).) Hill further states: "Counsel in this case stated to Petitioner that the report was non essential [sic] to the defense of alibi which they were conducting." (Pet. Attach. Sheet 2.) Based on these admissions, it appears that Hill cannot claim the benefit of belated commencement of the statute of limitations period.

In contrast to these other aspects of the record, Hill's submission contains the cursory assertion that this evidence did not become known or available to him until April 12, 2009 at the

release of the case file following the conclusion of his attorney's representation. Given Hill's knowledge of the lab report's contents at trial, Hill does not explain how the failure to obtain this specific document frustrated his ability to timely raise his present claim. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) (noting the commencement period for the habeas statute of limitations is not delayed "while a habeas petitioner gathers every possible scrap of evidence that might . . . support his [or her] claim").

Further, Hill plainly fails to meet the burden of proving that he exercised the necessary due diligence required before one can claim entitlement to a belated commencement of the statute of limitations. *See Thomas v. Johnson*, No. 3:09cv00007, 2009 WL 3055323, at *4 (E.D. Va. Sept. 23, 2009) (*quoting DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) ("[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D).") (alteration in original)). Hill admits he had knowledge of the lab report at the time of the July 18, 2005 trial. Despite this knowledge, Hill states he did not obtain the lab report until April 12, 2009. The record is bereft of any attempt by Hill to diligently request his file from his trial counsel in the nearly four years following his trial and sentencing. Hill presents no explanation or circumstance for his failure to obtain a copy of the lab report until April 12, 2009, almost four years after his trial and three years after the conclusion of his direct appeals. This lapse of time precludes the Court from finding that Hill acted with due diligence.

The Court therefore determines that Hill cannot demonstrate entitlement to belated commencement of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D). His federal habeas petition is time barred unless Hill is eligible for equitable tolling.

### C. Hill Is Not Entitled to Equitable Tolling

#### 1. Applicable Law

The United States Court of Appeals for the Fourth Circuit has found that equitable tolling of the statute of limitations is "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). Additionally, a petitioner seeking equitable tolling bears the burden of establishing that he or she has been pursuing his or her rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

To the extent that Hill's petition may be construed to assert that his claim of actual innocence invokes equitable tolling, this argument fails. "Neither the Supreme Court nor the Fourth Circuit has decided whether a claim of actual innocence warrants tolling of the statute of limitations.[7] Nevertheless, before addressing this difficult question, the Court should first

---

[7] The majority of Circuit Courts that have addressed this issue have rejected actual innocence as a basis for equitable tolling. *See, e.g., Lee v. Lampert*, 610 F.3d 1125, 1133 (9th Cir. 2010); *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) ("'[A]ctual innocence' is unrelated to the statutory timeliness rules."); *David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003) ("[T]he statutory one-year limit on filing initial habeas petitions is not mitigated by any statutory exception for actual innocence even though Congress clearly knew how to provide such an

consider whether [the petitioner] has made a sufficient showing of actual innocence." *Carter v. Virginia*, No. 3:09CV121-HEH, 2010 WL 331758, at *3 (E.D. Va. Jan. 26, 2010) (*citing Robinson v. Johnson*, No. 3:08CV789, 2009 WL 2447939, at *3 (E.D.Va. Aug. 6, 2009)).

"Claims of actual innocence, whether presented as freestanding ones, *see Herrera v. Collins*, 506 U.S. 390, 417 (1993), or merely as gateways to excuse a procedural default, *see Schlup v. Delo*, 513 U.S. 298, 317 (1995), should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (parallel citations omitted). Here, the Court reviews Hill's claim under the more lenient standard for gateway claims because Hill's actual innocence claim would allow the Court to consider his otherwise time-barred constitutional claims. A gateway claim requires "new *reliable* evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324 (emphasis added). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing such evidence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (*quoting Schlup*, 513 U.S. at 327-28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377-78 (4th Cir. 2010) (*quoting Schlup*, 513 U.S. at 327-

escape hatch."); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). However, the United States Court of Appeals for the Sixth Circuit has acknowledged the possibility that a showing of actual innocence could provide a basis for equitable tolling. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005).

28). The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality. *See Weeks v. Bowersox*, 119 F.3d 1342, 1352-53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999).

### 2. Hill Fails to Present New Reliable Evidence

Here, Hill's claim of actual innocence is founded on the January 14, 2005 lab results and Hill's allegations regarding what the lab results would have proven. Hill fails to attach a copy of the lab results to his petition, but claims that the lab results "clearly indicated" that the victim exhibited no vaginal scars, torn tissue, or bleeding and that no semen was found on the victim. (Pet. Attach. Sheet 2.) Hill's failure to present a copy of this report is fatal to his claim of actual innocence. *See Weeks*, 119 F.3d at 1352-53 (concluding that mere allegations that exculpatory evidence exists are insufficient to raise a colorable claim of actual innocence); *Shelton v. Dir. Va. Dep't Corr.*, No. 3:08cv70, 2008 WL 4361051, at *4 (E.D. Va. Sept. 24, 2008).

Regardless, Hill makes the nebulous allegations that these lab results would prove: (1) the victim's trial testimony was not consistent with prior statements made to police and her mother; (2) the victim fabricated a rape allegation as a result of rumors of her pregnancy; (3) the victim initially denied having sexual relations with Hill; (4) the victim had a motive to fabricate a rape allegation against Hill; and, (5) that other individuals were suspected of the offense. Hill fails to adequately describe how and why the lab results would lead to the above conclusions. These conclusory, unsubstantiated allegations of innocence are hardly the sort of new reliable evidence described by the Supreme Court. *Schlup*, 513 U.S. at 324. Thus, as to these allegations, Hill has failed to present evidence of the requisite quality.

10

### 3. Hill Fails to Establish a Claim of Actual Innocence

Even assuming the lab results show that the victim exhibited no vaginal scars, torn tissue, or bleeding and that no semen was found on the victim, the Court cannot find that in light of all the evidence, including this new evidence, no reasonable juror would have found Hill guilty beyond a reasonable doubt.

To prove its case-in-chief, the Commonwealth relied largely on testimony from three people: the victim, a forensic scientist, and Hill's stepmother. The victim testified in detail about three separate occasions between April and December 2004 on which Hill had sexual intercourse with her. Specifically, the victim gave the following dates: April 15th or 22nd; October 30th; and December 30th. While the victim exhibited some confusion as to specific dates and facts, "there [was] little confusion as to the particulars or specific facts that are material facts such as the place, who was there, where these things occurred." Tr. 138:19-23, July 18, 2005.

Forensic scientist Melissa Baisden testified that she analyzed the mattress cover from the victim's bed and found eight different stains. Five of the eight stains contained spermatozoa. Baisden developed a DNA profile for three stains containing spermatozoa and a mixture profile for the remaining two stains containing spermatozoa. Hill and the victim could not be eliminated as contributors to all five of these stains, while the victim's mother was eliminated as a possible contributor. Baisden developed a DNA profile for the remaining three stains, which did not contain spermatozoa, and Hill, the victim, and the victim's mother were all eliminated as possible contributors from those three stains.

Mavis Jones, Hill's stepmother, testified that when she asked Hill if he had sex with the victim, he replied, "'It happened.'" Tr. 33:4, Feb. 23, 2005.[8] Jones then "asked him what he was thinking," and Hill responded that he was not thinking. Tr. 33:4-5, Feb. 23, 2005.

Hill presented numerous alibi witnesses and also testified on his own behalf. Melissa Travis, Hill's girlfriend, testified that Hill was with her in the hospital on April 22, 2004, awaiting the birth of their child. Travis and Kenisha Jones, Hill's sister, also testified that Hill was with them on December 30, 2005.

Hill, testifying on his own behalf, stated that he dated the victim's mother and that he and the victim's mother had sexual relations on the victim's bed. Hill stated that he lived with the victim's mother and would babysit the victim. He admitted to getting in bed with the victim and to buying her a pregnancy test. Hill claimed that he never had sexual relations with the victim and that he was arrested two weeks after he refused her request to date her.

This case involved a credibility determination between witnesses. Biological evidence corroborated the victim's testimony and undermined Hill's testimony. Considering this evidence alongside the new evidence regarding the lack of vaginal scars, torn tissue, bleeding or semen found on the victim, the Court cannot find it more likely than not that no reasonable juror would have found Hill guilty beyond a reasonable doubt. Hill cannot establish a claim for actual innocence and is not entitled to equitable tolling. Therefore, the Court will GRANT Respondent's Motion to Dismiss and will DISMISS Hill's petition as time barred.

---

[8] Jones's testimony at the preliminary hearing was admitted into evidence at trial because she had since passed away.

### III. Certificate of Appealability

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Hill is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

### IV. Conclusion

Based on the foregoing reasons, the Court finds the petition barred by the statue of limitations. Respondent's Motion to Dismiss (Docket No. 15) will be GRANTED and Hill's petition (Docket No. 5) will be DISMISSED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 12-30-10

13